UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH ROSHAUN REID,

    Petitioner,

    v.

WARDEN GARZA,

    Respondent.

CIVIL ACTION NO. 3:26-cv-01255

(SAPORITO, J.)

## ORDER

Kenneth Roshaun Reid, incarcerated at USP-Canaan, seeks to challenge his sentence through a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. *See* (Doc. 1). Because any such challenge must be raised in the sentencing court under 28 U.S.C. § 2255, and Reid has not shown that Section 2255 is or was "inadequate or ineffective to test the legality of his detention," the petition will be dismissed for lack of jurisdiction.

Reid is serving a sentence of life imprisonment imposed by the United States District Court for the District of South Carolina after a jury convicted him of a series of drug and firearm-related charges. *See United States v. Reid*, No. 0:04-CR-00353 (D.S.C.) (Doc. 402). He has filed at least four motions seeking relief in the sentencing court pursuant to 28 U.S.C. § 2255 (*Id.*, Docs. 498, 611, 707, 1095), and he has

unsuccessfully tried to challenge his sentence pursuant to 28 U.S.C. § 2241 in numerous federal courts.[1]

A petitioner's challenge to his conviction or sentence must be raised in the sentencing court under 28 U.S.C. § 2255, unless that section "appears . . . inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(a),(e). Section 2255 is inadequate or ineffective only if "some limitation of scope or procedure" would deny the petitioner "a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); *see Jones v. Hendrix*, 599 U.S. 465, 478 (2023) (Section 2255 "preserves recourse to [Section 2241] in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court").

In this petition, Reid notes that a jury acquitted him of a charge that he was engaged in a continuing criminal enterprise (Count 3, 21 U.S.C. § 848(e)(1)(A)). He argues that this acquittal should have "terminated subject matter jurisdiction" as to another count arising from

---

[1] *See, e.g., Reid v. Garza*, No. 1:23-CV-02134, 2024 WL 199560 (M.D. Pa. Jan. 18, 2024); *Reid v. Martinez*, No. 5:20-CV-00871-DSF-PD, 2021 WL 4067263 (C.D. Cal. Aug. 9, 2021); *Reid v. Kizziah*, No. 7:18-CV-016-KKC, 2018 WL 3213616 (E.D. Ky. June 29, 2018); *Reid v. Daniels*, No. 12-CV-01780-BNB, 2012 WL 3099996, at *2 (D. Colo. July 30, 2012).

the underlying conduct (Count 4, 18 U.S.C. § 924(j)), for which the jury found him guilty. He insists that this argument "must not be misconstrued as a challenge to the validity of [his] sentence or conviction," but that is exactly what it is. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002) (a challenge to a criminal court's jurisdiction implicates the court's power to impose sentence).

Reid makes no showing or argument that he was denied an appropriate hearing in his Section 2255 proceedings. Section 2255 is not rendered "inadequate or ineffective" by Reid's disagreements with the sentencing court's rulings or his inability to "meet the stringent gatekeeping requirements" required to file successive Section 2255 motions.[2] *See Cradle*, 290 F.3d at 538-39. As repeatedly explained to Reid by courts in this district[3], he cannot challenge his conviction and sentence under Section 2241.

---

[2] Reid has already argued in a prior Section 2255 motion that the sentencing court lacked jurisdiction as to Count 4. That motion was denied as an improperly filed successive Section 2255 motion. *See United States v. Reid*, No. 0:04-CR-00353 (D.S.C.) (Docs. 707, 709).

[3] *See Reid v. Garza*, No. 1:23-CV-02134, 2024 WL 199560 (M.D. Pa. Jan. 18, 2024); *Reid v. Ebbert*, No. 1:17-CV-01062, 2018 WL 2376741 (M.D. Pa. Apr. 17, 2018); *Reid v. Ebbert*, No. 1:15-CV-1355, 2016 WL 55100 (M.D. Pa. Jan. 5, 2016).

- 4 -

Accordingly, Reid's petition (Doc. 1) is **DISMISSED** for lack of jurisdiction, and his motions requesting leave to proceed *in forma pauperis* (Docs. 4, 6, 10) are **DENIED** as moot. The Clerk is **DIRECTED** to close this case.

Dated: June 17, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge

- 4 -